047114/20173/RCH/ELA/JFM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY FAHEY, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM SAROLAS, JOSE R. MARTINEZ, LYFT, INC. and THE HERTZ CORPORATION, <br><br> Defendants. | Case Number |

## NOTICE OF REMOVAL

NOW COMES the Defendant, LYFT, INC., by and through its attorneys, Michael P. Moothart, Richard C. Huettel, Erik L. Andersen, and James F. Maruna, of CASSIDAY SCHADE LLP, and for its Notice of Removal, pursuant to 28 U.S.C. § 1446, states as follows:

### Background and State Court Procedural Posture

1. Plaintiff, TIMOTHY FAHEY, filed his initial complaint in the Circuit Court of Cook County on June 19, 2020. *See* Cook County Docket Sheet, attached as ***Exhibit A***. The Complaint named Defendant, UBER TECHNOLOGIES, INC. ("Uber") and HERTZ CORPORATION ("Hertz"), Jose Martinez and William Sarolas as defendants. (Ex.A). Four days later, on June 23, 2020, Plaintiff filed a First Amended Complaint, dismissing Uber, and adding Defendant, LYFT, INC. *See* First Amended Complaint, attached as ***Exhibit B***.

2. Plaintiff's Second Amended Complaint sounds in negligence based on an alleged automobile accident that occurred on November 2, 2019 at 111th and Cicero Avenue in Chicago, Illinois. (Ex.B at ¶ 6; 11). As a result of the alleged accident, Plaintiff claims that he sustained "severe injuries" to his "neck and spine" and will continue sustaining "great physical and mental

pain and suffering," with damages including "medical and health care expenses, disability, pain and suffering."  (Ex.B at Count 1, ¶ 17; Counts II, ¶ 23; Count III, ¶¶ 27-28).

3. Plaintiff served Defendant Lyft with the Second Amended Complaint on June 29, 2020.  *See* Service of Process, attached as ***Exhibit C***.

4. Plaintiff has only served one other Defendant in this matter – Hertz.  (Ex.A).

**I. This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

5. Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged.

6. First, there is complete diversity of parties. Plaintiff is a citizen of the State of Florida.  *See* (Ex.B at ¶ 1).

7. Served and Joined Defendant Lyft is a corporation organized under the laws of the State of Delaware.  *See* (Ex.B at ¶ 7).  Lyft's principal place of business is California.  *See* Illinois Secretary of State Corporation File Detail Report for Lyft, Inc., attached as ***Exhibit D.***

8. Unserved Defendant Sarolas is a citizen of Illinois.  (Ex.B at ¶ 2).  However, as noted, there is no service on this Defendant.  (Ex.A). Thus, he is not properly joined *and served* to this matter at the time of its removal.

9. Unserved Defendant Martinez is a citizen of Illinois.  (Ex.B at ¶ 4). Thus, he is not properly joined *and served* to this matter at the time of its removal.

10. While Hertz Corporation is named as a Defendant in Plaintiff's First Amended Complaint, Plaintiff improperly joined Hertz to this state court personal injury lawsuit because Hertz is a corporation currently in a pending bankruptcy action that pre-dated Plaintiff's filing of Original Complaint in this matter.  *See* (Ex.A); (Ex.B at ¶ 8); *see also In re The Hertz Corporation,* No. 20-11218 (MFW) (Bankr. D. Del.) *pending*.  On July 23, 2020, Plaintiff filed

an agreed, stipulated order of dismissal for Defendant Hertz in Cook County Circuit Court. *See* July 23, 2020 Motion and Stipulated Order of Dismissal, attached as **Exhibit E.**

11. There is thus complete diversity of all properly joined *and served* parties in this matter at the time of removal. As noted, Plaintiff is a citizen of Florida and all three currently named Defendants are not. (Ex.B at ¶ 2; 4; 7); (Ex.D).

12. Lyft, as both the non-forum defendant and the only current defendant served, may remove this action because "removal before service on the in-forum defendant is permitted" in these circumstances. *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 936 (N.D. Ill. 2017) (St. Eve, J.) (collecting cases); *see also D.C. v. Abbott Labs, Inc.,* 323 F. Supp. 991, 996-97 (N.D. Ill. 2018) (Dow, J.) (same).

13. Second, this matter contains more than $75,000 in controversy. In his First Amended Complaint, Plaintiff alleges that, as a result of the alleged accident, Plaintiff sustained "severe injuries" to his "neck and spine" and will continue sustaining "great physical and mental pain and suffering," with damages including "medical and health care expenses, disability, pain and suffering." (Ex.B at Count 1, ¶ 17; Counts II, ¶ 23; Count III, ¶¶ 27-28). In further conversations with Plaintiff's counsel, these injuries are believed to be to his cervical spine, and there is discussion of a need for future spinal fusion revision or extension surgery.

14. Because Illinois does not require a party to plead a maximum amount of damages in a state law negligence case, the Plaintiff claimed only that his damages *exceed* $50,000 in his underlying State Court Complaint rather than pleading a maximum value. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). However, the nature of Plaintiff's alleged injuries, and the value of his claimed economic and non-economic damages clearly place more than $75,000 in controversy in this matter. *See* 28 U.S.C. § 1446(c)(2)(B). Specifically, Plaintiff claims that the accident

3

injured his neck and spine, that he has past and ongoing medical expenses, with future spinal surgery, and has experienced and continues experiencing disability, pain, and suffering. *See* (Ex.B at Count 1, ¶ 17; Counts II, ¶ 23; Count III, ¶¶ 27-28). The amount of damages that Plaintiff alleges in his Second Amended Complaint places more than $75,000 in controversy.

15. Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy. 28 U.S.C. § 1332.

16. Next, venue is proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's Second Amended Complaint alleges that his injuries stem from a motor vehicle collision that occurred in Cook County, Illinois. (Ex.B at ¶ 11). Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois. Cook County, Illinois is located in the Northern District of Illinois, Eastern Division. Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

**II.   Lyft Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446**

17. Lyft timely filed its Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

18. Plaintiff did not name Lyft as a defendant in this matter until June 22, 2020, and did not serve Lyft until June 29, 2020. (Ex.B); (Ex.C). Accordingly, Lyft has thirty (30) days from June 29, 2020, to file its notice of removal, or more particularly, Lyft has until July 29,

2020 to file its notice of removal. Lyft satisfied the requirement for timely filing Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(B).

19. Therefore, Lyft has satisfied all requirements for removing this action to Federal Court. 28 U.S.C. § 1446(b)(2)(A)-(C).

20. Because this lawsuit meets the requirements for diversity jurisdiction, and Lyft timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal Court. Therefore, Lyft requests this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division

WHEREFORE, Defendant, LYFT, INC., respectfully requests this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

        Respectfully submitted,

        LYFT, INC.

        By: /s/ James F. Maruna

        Michael P. Moothart / ARDC No. 6299545
        Richard C. Huettel / ARDC No. 6190664
        Erik A. Andersen / ARDC No. 6255553
        James F. Maruna / ARDC No. 6313433
        CASSIDAY SCHADE, LLP
        222 W. Adams Street, Suite 1000
        Chicago, IL 60606
        (312) 641-3100
        (312) 444-1669 – Fax
        mmoothart@cassiday.com
        rhuettel@cassiday.com
        eandersen@cassiday.com
        jmaruna@cassiday.com

        *Counsel for Defendant, Lyft, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2020, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A copy was emailed to:

> John Risvold
> Collins Law Firm
> 1170 N Park Street S #200
> Naperville, IL 60563.
> jrisvold@collinslaw.com

/s/ James F. Maruna

9545368 JMARUNA