

| Case Information Summary for Case Number 2020-L-006563 |
|---|

Filing Date: 06/19/2020  
Division: Law Division  
Ad Damnum: $50001.00  

Case Type: PERSONAL INJURY(MOTOR VEHICLE)  
District: First Municipal  
Calendar: R  

## Party Information

**Plaintiff(s)**  
FAHEY TIMOTHY  

**Attorney(s)**  
COLLINS LAW FIRM  
1770 N PARK S#200  
NAPERVILLE IL, 60563  
(630) 527-1595  

**Defendant(s)**  **Defendant Date of Service**  **Attorney(s)**  
HERTZ CORPORATION  

TUCKER ROBIN MERKER LLC  
30 N LASALLE 2426  
CHICAGO IL, 60602  
(312) 346-4700  

LYFT INC  
MARTINEZ JOSE  
SAROLAS WILLIAM  
UBER TECHNOLOGIES  

## Case Activity

Activity Date: 06/19/2020                                  Participant: FAHEY TIMOTHY  

PERSONAL INJURY (MOTOR VEHICLE) COMPLAINT FILED  

Court Fee: 388.00  
Ad Damnum Amount: 50001.00  

Attorney: COLLINS LAW FIRM  

Activity Date: 06/19/2020                                  Participant: FAHEY TIMOTHY  

AFFIDAVIT FILED  

Ad Damnum Amount: 50001.00  

**Exhibit A**

| | |
|---|---|
| Activity Date: 06/19/2020 | Participant: FAHEY TIMOTHY |

SUMMONS ISSUED AND RETURNABLE

| | |
|---|---|
| Ad Damnum Amount: 50001.00 | Attorney: COLLINS LAW FIRM |

| | |
|---|---|
| Activity Date: 06/22/2020 | Participant: FAHEY TIMOTHY |

EXHIBITS FILED

Attorney: COLLINS LAW FIRM

| | |
|---|---|
| Activity Date: 06/22/2020 | Participant: FAHEY TIMOTHY |

MOTION FILED

Attorney: COLLINS LAW FIRM

| | |
|---|---|
| Activity Date: 06/23/2020 | Participant: UBER TECHNOLOGY |

DISMISS, STRIKE OR WITHDRAW A SPECIFIC DEFENDANT - ALLOWED -

Judge: LAWLER, CHRISTOPHER EDWARD

| | |
|---|---|
| Activity Date: 06/23/2020 | Participant: FAHEY TIMOTHY |

AMEND COMPLAINT OR PETITION - ALLOWED -

Judge: LAWLER, CHRISTOPHER EDWARD

| | |
|---|---|
| Activity Date: 07/21/2020 | Participant: HERTZ CORPORATION |

APPEARANCE FILED - FEE PAID -

| | |
|---|---|
| Court Fee: 251.00 | Attorney: TUCKER ROBIN MERKER LLC |

| | |
|---|---|
| Activity Date: 07/21/2020 | Participant: HERTZ CORPORATION |

NOTICE FILED

Attorney: TUCKER ROBIN MERKER LLC

| | |
|---|---|
| Activity Date: 07/21/2020 | Participant: HERTZ CORPORATION |

NOTICE OF FILING FILED

Attorney: TUCKER ROBIN MERKER LLC

| | |
|---|---|
| Activity Date: 07/21/2020 | Participant: HERTZ CORPORATION |

NOTICE OF FILING FILED

Attorney: TUCKER ROBIN MERKER LLC

[Back to Top](#)

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

FILED DATE: 6/22/2020 4:38 PM 2020L006563

FILED
6/22/2020 4:38 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L006563

9550667

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| TIMOTHY FAHEY ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 20 L 6563 |
| ) | |
| WILLIAM SAROLAS, JOSE R. MARTINEZ, ) | |
| LYFT, INC. and THE HERTZ ) | |
| CORPORATION ) | |
| ) | |
| DEFENDANTS. ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Now comes Plaintiff, Timothy Fahey, by and through his attorneys, THE COLLINS LAW FIRM, P.C., and states for his First Amended Complaint against William Sarolas, Jose R. Martinez, Lyft, Inc. and The Hertz Corporation, ("Defendants"), as follows:

### FACTS

1. Plaintiff, Timothy Fahey, at all times mentioned, resided, and still resides at 4910 Eagle Cove South Drive, Palm Harbor, FL, 34685.

2. Defendant, William Sarolas, at all times mentioned, resided, and still resides at 3761 W. 77th Place, Chicago, Illinois, County of Cook.

3. That at all times material, Defendant, William Sarolas, was the owner of a 2004 Chevy Trailblazer, bearing Illinois license plate number V692213.

4. Defendant, Jose R. Martinez, at all times mentioned, resided, and still resides at 14242 Davis Ct, Blue Island, Illinois, County of Cook.

5. That at all times material, Defendant, Jose R. Martinez, was the driver of a 2017 Hyundai Elantra-CET, bearing Illinois license plate number BE44974.

**Exhibit B**

1

6. On November 2, 2019, approximately 4:10 p.m., Plaintiff was a Lyft passenger in a vehicle driven by Defendant JOSE R. MARTINEZ and owned by Defendant HERTZ CORPORATION at the intersection of 111th Street and Cicero Avenue, in Chicago, Illinois.

7. That the Defendant LYFT, INC. is a foreign corporation engaged in Delaware the with its agent, CT Corporation System, located at 208 S. LaSalle St., Ste. 814, City of Chicago, County of Cook, and State of Illinois.

8. That the Defendant HERTZ CORPORATION is a foreign corporation engaged in Delaware with its with its agent, CT Corporation System, located at 208 S. LaSalle St., Ste. 814, City of Chicago, County of Cook, and State of Illinois.

9. On or about November 2, 2019, Defendant, JOSE R. MARTINEZ, was an agent and/or employee of Defendant, LYFT INC.

10. On or about November 2, 2019, Defendant, JOSE R. MARTINEZ, upon the direction of its principal and/or employer Defendant, LFYT, INC., was operating his vehicle owned by Defendant HERTZ CORPORATION while driving Plaintiff and several others who were LFYT passengers, in the City of Chicago, County of Cook, and State of Illinois.

11. At the aforementioned time and place, Defendant, while acting within the scope of his employment duties or under the direction of his principal, was operating his above referenced automobile in a generally westbound direction on or upon 111th and Cicero Avenue at or near the intersection of 111th and Cicero Avenue, when the Defendant Sarolas's vehicle struck co-Defendant Martinez's vehicle while Co-Defendant Martinez was driving passengers, including Plaintiff, for LYFT, thereby causing Plaintiff to sustain injuries as hereinafter alleged.

### COUNT I – Fahey v. Sarolas

12. Plaintiff re-alleges and incorporates by reference each and every allegation set forth

2

in paragraphs 1 through 11 above.

13. That at all times hereto material, it was the duty of the Defendant to exercise ordinary care for the safety of the person and property of others then and there upon said roadway, and especially, the Plaintiff herein.

14 Notwithstanding said duty as heretofore alleged in the next preceding paragraph, Defendant, carelessly and negligently did, or failed to do, one or more of the following acts:

a) Failed to keep a proper lookout;

b) Failed to slow or stop his vehicle to avoid colliding with the vehicle carrying Plaintiff;

c) Failed to reduce the speed of his vehicle to avoid colliding with the vehicle carrying Plaintiff;

d) Failed to maintain proper control of his vehicle;

e) Failed to drive at a speed which was reasonable for traffic conditions;

f) Carelessly and negligently disobeyed a traffic control device;

g) Was otherwise careless and negligent in the operation of said motor vehicle.

15. That by reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of Defendant, Plaintiff sustained severe injuries.

16. As a direct and proximate result of the collision, Plaintiff has incurred, and will in the future continue to incur, medical and hospital expenses for the treatment of his injuries.

17. As a direct and proximate result of the collision, Plaintiff has suffered, and will in the future continue to suffer, great physical and mental pain and suffering.

WHEREFORE, Plaintiff, Timothy Fahey, requests judgment against the Defendant, William Sarolas, in an amount greater than $50,000.00, plus the costs of this action.

3

## COUNT II – Fahey v. Martinez

18. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 11 above.

19. That at all times hereto material, it was the duty of the Defendant to exercise ordinary care for the safety of the person and property of others then and there upon said roadway, and especially, the Plaintiff herein.

20. Notwithstanding said duty as heretofore alleged in the next preceding paragraph, Defendant, carelessly and negligently did, or failed to do, one or more of the following acts:

   a) Failed to keep a proper lookout;

   b) Failed to slow or stop his vehicle to avoid colliding with another vehicle;

   c) Failed to reduce the speed of his vehicle to avoid colliding with another vehicle;

   d) Failed to maintain proper control of his vehicle;

   e) Failed to drive at a speed which was reasonable for traffic conditions;

   f) Carelessly and negligently disobeyed a traffic control device;

   g) Was otherwise careless and negligent in the operation of said motor vehicle.

21. That by reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of Defendant, Plaintiff sustained severe injuries.

22. As a direct and proximate result of the collision, Plaintiff has incurred, and will in the future continue to incur, medical and hospital expenses for the treatment of his injuries.

23. As a direct and proximate result of the collision, Plaintiff has suffered, and will in the future continue to suffer, great physical and mental pain and suffering.

WHEREFORE, Plaintiff, Timothy Fahey, requests judgment against the Defendant, Jose R. Martinez, in an amount greater than $50,000.00, plus the costs of this action.

4

FILED DATE: 6/22/2020 4:38 PM 2020L006563

## COUNT III – Fahey v. Lyft – RESPONDEAT SUPERIOR

24. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 11 above.

25. That at the aforesaid time and place, Defendant, JOSE R. MARTINEZ was an agent, apparent agent and/or employee of the Defendant, and was acting in the scope of his authority as agent, apparent agent and/or employee, and negligently operated his motor vehicle, which caused injury and damage to the Plaintiff.

25. Defendant LYFT, INC., as employer and/or principal of Defendant, JOSE R. MARTINEZ was directly responsible for the acts and or omissions of its employee and/or agent or apparent agent, as Defendant JOSE R. MARTINEZ was performing his duties in furtherance of the relationship between LYFT and JOSE R. MARTINEZ.

26. Defendant LYFT, INC., by and through its agent and/or employee, was then and there guilty of one or more of the following acts or omissions:

  a. Carelessly or negligently failed properly supervise their hired help;

  b. Carelessly or negligently failed to prevent the negligent act of its agent or apparent agent;

  c. Carelessly or negligently failed to properly train its agents, apparent agents and/or employees;

  d. Carelessly or negligently failed to properly screen its agents, apparent agents and/or employees;

  e. Was otherwise careless and negligent.

27. That by reason of the above and as a direct and proximate result of the Defendant, LYFT, INC., agent or apparent agent's careless and negligent acts, or omissions, of Defendant, Plaintiff, TIMOTHY FAHEY, sustained severe injuries, including to his neck and spine.

28. That as a result of the aforesaid injuries, the Plaintiff, TIMOTHY FAHEY, has sustained damages, and continues to sustain damages, that include liability for medical and health care expenses, disability, pain and suffering.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of Plaintiff, and against Defendant, LYFT, INC., in an amount necessary to fully and fairly compensate Plaintiff for his injuries and losses, which exceeds $50,000.00, together with the costs of this suit.

### COUNT IV – Fahey v. Hertz – RESPONDEAT SUPERIOR

29. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 11 above.

30. That at the aforesaid time and place, Defendant, JOSE R. MARTINEZ was driving a vehicle owned by THE HERTZ CORPORATION and was acting with the consent and authority of Defendant THE HERTZ CORPORATION and negligently operated his motor vehicle, which caused injury and damage to the Plaintiff.

31. Defendant THE HERTZ CORPORATION as owner of the vehicle driven by Defendant, JOSE R. MARTINEZ was directly responsible for the acts and or omissions of Defendant JOSE R. MARTINEZ, as Defendant MARTINEZ was performing his duties in furtherance of the relationship between HERTZ and JOSE R. MARTINEZ.

32. Defendant THE HERTZ CORPORATION by and through its agent, apparent agent, permissive user, and/or employee, was then and there guilty of one or more of the following acts or omissions:

a. Carelessly or negligently failed to prevent the negligent act of its agent or apparent agent or permissive user;

b. Carelessly or negligently failed to properly train its agents, apparent agents or permissive users;

c. Carelessly or negligently failed to properly screen its agents, apparent agents and/or permissive users;

d. Was otherwise careless and negligent.

33. That by reason of the above and as a direct and proximate result of the Defendant, LYFT, INC., agent, apparent agent or permissive user's careless and negligent acts, or omissions, of Defendant, Plaintiff, TIMOTHY FAHEY, sustained severe injuries, including to his neck and spine.

28. That as a result of the aforesaid injuries, the Plaintiff, TIMOTHY FAHEY, has sustained damages, and continues to sustain damages, that include liability for medical and health care expenses, disability, pain and suffering.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of Plaintiff, and against Defendant, THE HERTZ CORPORATION in an amount necessary to fully and fairly compensate Plaintiff for his injuries and losses, which exceeds $50,000.00, together with the costs of this suit.

Dated: June 22, 2020             Respectfully submitted,


                                 By: /s/ John D. Risvold
                                     One of Plaintiff's Attorneys

John D. Risvold
The Collins Law Firm, P.C.

7

FILED DATE: 6/22/2020 4:38 PM    2020L006563

1770 Park Street, Suite 200
Naperville, Illinois 60563
jrisvold@collinslaw.com
(630) 527-1595

8



**CT Corporation**

**Service of Process Transmittal**
06/29/2020
CT Log Number ▮▮▮▮▮▮

| | |
|---|---|
| **TO:** | ▮▮▮▮▮▮▮▮<br>LYFT, INC.<br>185 Berry St Ste 5000<br>San Francisco, CA 94107 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Lyft, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TIMOTHY FAHEY, PLTF. vs. WILLIAM SAROLAS, ET AL., DFTS. // To: LYFT, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020L006563 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/29/2020 at 12:38 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814 |



**Exhibit C**

Page 1 of 2 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Office of the Secretary of State Jesse White
CYBERDRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

Corporation File Detail Report

| | |
|---|---|
| File Number | 69753604 |
| Entity Name | LYFT, INC. |
| Foreign Assumed Name | LYFT ILLINOIS, INC. |
| Status | ACTIVE |

## Entity Information

**Entity Type**
CORPORATION

**Type of Corp**
FOREIGN BCA

**Qualification Date (Foreign)**
Thursday, 16 October 2014

**State**
DELAWARE

**Duration Date**
PERPETUAL

**Exhibit D**

## Agent Information

Name
C T CORPORATION SYSTEM

Address
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Wednesday, 20 September 2017

## Annual Report

Filing Date
Tuesday, 28 January 2020

For Year
2019

## Officers

President
Name & Address
JOHN ZIMMER 185 BERRY ST STE 5000 SAN FRANCISCO CA 94107

Secretary
Name & Address
KRISTIN SVERCHEK 185 BERRY ST #5000 SAN FRANCISCO CA 94107

Return to Search

File Annual Report
Adopting Assumed Name
Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office. Thu Jul 23 2020

https://www.ilsos.gov/corporatellc/CorporateLlcController 2/2

FILED
7/23/2020 3:17 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L006563

FILED DATE: 7/23/2020 3:17 PM 2020L006563

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | |
|---|---|
| TIMOTHY FAHEY ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 20 L 6563 |
| ) | |
| WILLIAM SAROLAS, JOSE R. MARTINEZ, ) | |
| LYFT, INC. and THE HERTZ ) | |
| CORPORATION ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S AGREED MOTION TO VOLUNTARILY DISMISS,**
**PURSUANT TO 735 ILCS 5/2-1009 (a), WITHOUT PREJUDICE, AND**
**WITH LEAVE TO REINSTATE AS A MATTER OF RIGHT WITHIN ONE YEAR,**
**AND WITH NO OBJECTIONS FROM DEFENDANT**

NOW COMES the Plaintiff Timothy Fahey, by his attorney, THE COLLINS LAW FIRM, P.C., and its Motion to Voluntarily Dismiss, Pursuant to 735 ILCS 5/2-1009 (a) , Without Prejudice, and With Leave to Reinstate As a Matter of Right Within One Year, and With No Objection From Defendant, state as follows :

1. With this Motion, Plaintiff seeks to voluntarily dismiss, pursuant to 735 ILCS 5/2-1009(a) of the Illinois Code of Civil Procedure, the following Defendant: The Hertz Corporation

2. As this Court is aware, a plaintiff may, at any time before trial and upon notice to each party who has appeared of each such party's attorney, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. 735 ILCS 5/2-1009(a)

3. On July 22, 2020 counsel for Plaintiff contacted counsel for Defendant The Hertz Corporation and Defendant's Counsel has no objection to this Motion, or the relief it requests, and the parties have further agreed that each party shall bear his/her own costs, fees and expenses.

WHEREFORE, Plaintiff prays for an Order as follows:

**Exhibit E**

1

1. Pursuant to 735 ILCS 5/2-1009(a), granting the voluntary dismissal, without prejudice, and with leave to reinstate as a matter of right within one year, of plaintiff's action against Defendant, The Hertz Corporation

2. Each party shall bear its own costs, fees and expenses;

3. Should plaintiff re-file his action, the parties agree, pursuant to *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008), that no such action would be barred as res judicata by the rule against claim splitting. Nothing in this order shall prevent Plaintiff or Defendants from raising any other claims or defenses that are or may become available to the parties independent of Plaintiff's decision to exercise his non-suit rights.

Dated: July 23, 2020

Respectfully Submitted,

Timothy Fahey

By: _____
One of His Attorneys

Edward J. Manzke
John D. Risvold
THE COLLINS LAW FIRM
1770 N. Park Street, Ste. 200
Naperville, Illinois 60543
630.527.1595
ejmanzke@collinslaw.com
#32920

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| TIMOTHY FAHEY ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 20 L 6563 |
| ) | |
| WILLIAM SAROLAS, JOSE R. MARTINEZ, ) | |
| LYFT, INC. and THE HERTZ ) | |
| CORPORATION ) | |
| ) | |
| DEFENDANTS. ) | |

**AGREED ORDER**

1.      Pursuant to 735 ILCS 5/2-1009(a), the voluntary dismissal is granted, without prejudice, and with leave to reinstate as a matter of right within one year, plaintiff's action against Defendant The Hertz Corporation;

2.      Each party shall bear its own costs, fees and expenses;

3.      Should plaintiff re-file his action, the parties agree, pursuant to *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008), that no such action would be barred as res judicata by the rule against claim splitting. Nothing in this order shall prevent Plaintiff or Defendants from raising any other claims or defenses that are or may become available to the parties independent of Plaintiff's decision to exercise his non-suit rights.

*Dated: July ___, 2020*

                                                                             Entered:

                                                                             _____

Prepared By:
John D. Risvold
THE COLLINS LAW FIRM
1770 N. Park Street, Ste. 200
Naperville, Illinois 60543
630.527.1595
jrisvold@collinslaw.com
#32920